David B. Barlow, UT Bar #13117
United States Attorney
John K. Mangum, UT Bar #2072, E-Mail: john.mangum@usdoj.gov
Assistant United States Attorney
District of Utah
185 S. State Street, #300
Salt Lake City, UT  84111
Telephone:  801.325.3216

D. Andrew Winston, CO Bar #17103 (*Pro Hac Vice* pending), E-Mail: andrew.winston@eeoc.gov
Senior Trial Attorney
Rita Byrnes Kittle, CO Bar #17871
Supervisory Trial Attorney
Attorneys for Plaintiff EEOC
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Denver Field Office
303 E. 17th Ave., Suite 410
Denver, Colorado  80203
Telephone:  303.866.1361

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH  -  CENTRAL DIVISION**

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　　Plaintiff,<br>v.<br><br>Mesa Systems, Inc.,<br><br>　　　　　Defendant. | **Civil No. 2:11-cv-01201 CW**<br><br>**COMPLAINT and**<br>**JURY DEMAND**<br><br>**Judge Clark Waddoups** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 against Defendant Mesa Systems, Inc. ("Mesa Systems") to correct unlawful employment practices on the basis of national origin and retaliation.  This action seeks to provide appropriate relief to Balfre Abarca, Oscar Z.

-1-

Bernal, Jose De Jesus Ortiz, Jonathan Maldonado, Yuri Bladimir B. Rodriguez, Douglas T. Toilolo, Feleti L. Tukuafu, Jorge L. Vera, Desiderio Villegas, Fernando Vite, and Francisco Vite (collectively, "Charging Parties") and a class of other aggrieved employees whose ethnic group or nationality favors a language other than English, who were employed by Mesa Systems in Salt Lake City, Utah, and who were adversely affected by such practices.  As alleged with greater particularity below, Charging Parties and the class suffered disparate treatment in the terms and conditions of their employment when Mesa Systems implemented a restrictive language policy or rule in its Salt Lake City warehouse, subjected Hispanics to selective, more vigorous, and harsher enforcement of the restrictive language policy or rule, and created and tolerated a hostile work environment based on national origin.  The restrictive language policy or rule had a disparate impact on Hispanics, Asians/Pacific Islanders, and other employees whose ethnic group or nationality favors a language other than English when it placed overly broad constraints on the speaking of languages other than English and was not job-related for the positions in question or consistent with business necessity. Furthermore, some of the Charging Parties and a class of employees who complained about discrimination were subjected to retaliation for engaging in conduct protected under Title VII.

**JURISDICTION AND VENUE**

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of the Civil Rights Act of 1964, as amended ("Title VII"), 42  U.S.C. §§

2000e-5(f)(1) and (3), and Title I, Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Utah.

3.  More than thirty days prior to the institution of this lawsuit, the Charging Parties filed charges of discrimination with Plaintiff Equal Employment Opportunity Commission ("EEOC" or "the Commission"), alleging violations of Title VII by Mesa Systems. All conditions precedent to the institution of this lawsuit have been fulfilled.

4.  Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with Title VII through informal methods of conciliation, conference and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b).

## **PARTIES**

5.  EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

6.  At all relevant times, Mesa Systems has continuously been a Colorado corporation in good standing doing business in the State of Utah, and has continuously employed more than 500 employees.

7. At all relevant times, Mesa Systems has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF FACTS

8. In 2006, Mesa Systems implemented a policy or rule requiring that its Salt Lake City employees speak only English.

9. Upon information and belief, Mesa Systems did not have a similar restrictive language policy or rule at any of its other facilities.

10. Prior to implementing its restrictive language policy in Salt Lake City, Mesa Systems had no documented, language-related problems with:

   a. communication;

   b. warehouse operations, such as business being disrupted or delayed;

   c. protection of customers' property;

   d. morale; or

   e. safety.

11. In fact, with respect to safety, Mesa Systems made and makes an exception to its restrictive language policy when there is an immediate danger, and allows any person to use any language at any place if necessary to communicate quickly, for instance, to say "duck" in the person's native, primary, or preferred language.

12. Since at least March 2007, Mesa Systems began vigorous enforcement of its restrictive language policy or rule in its Salt Lake City, Utah, warehouse.

-4-

13. Mesa Systems enforced the restrictive language policy or rule against all employees whose ethnic group or nationality favored languages other than English.

14. Mesa Systems enforced the restrictive language policy or rule more harshly against Hispanic employees than against employees who spoke other non-English native languages.

15. Mesa Systems' Warehouse Manager told employees other than Hispanics they could speak their native languages but not to do so in front of the "Mexicans." Non-Hispanic national origin minorities, including Asians and Pacific Islanders, had to be constantly on the lookout for Spanish speakers before speaking their native languages. In addition, the presence of large numbers of Spanish-speaking employees in the warehouse effectively barred other national origin minorities from speaking their native languages most of the time.

16. Mesa Systems' non-minority managers and employees, including the Warehouse Manager, were verbally abusive of employees whose ethnic group or nationality favored a language other than English, including but not limited to cursing at them and criticizing their English, with comments such as: "garbage boy;" "English, mother-(expletive deleted);" and "you (expletive deleted) piece of (expletive deleted), your (expletive deleted) English is bad."

17. Mesa Systems' non-minority managers and employees, including the Warehouse Manager, were verbally abusive of the Hispanic warehouse employees, including but not limited to cursing at them and making ethnic slurs and comments, such as: "(expletive deleted) Mexicans;" "damn Mexicans;" "stupid Mexicans;" "lazy

-5-

-6-

Mexicans;" "(expletive deleted) you, Mexican;" and "(expletive deleted) you, *mojado*" [wetback].

18.     Among other things, Mesa Systems' Warehouse Manager's verbal abuse included comments to the effect that she was doing fine until the immigrant employees came, and would be better when they were out of her warehouse.

19.     Among other things, Mesa Systems' Warehouse Manager's verbal abuse included referring to the employees who complained about her as the "Mexican mafia," and complaining that her children were drug addicts because of Mexicans.

20.     Among other things, Mesa Systems' Warehouse Manager's verbal abuse included telling an employee that Mexicans and Tongans, who are Asians/Pacific Islanders, were "together" and "the same people," and stating that she did not like Tongans.

21.     On April 4, 2007, Charging Party Fernando Vite received a written warning for speaking Spanish in the warehouse.

22.     The April 4, 2007, warning to Charging Party Fernando Vite advised that speaking Spanish in the warehouse "will not be tolerated in the future and may result in termination."

23.     On April 30, 2007, eighteen employees, including Charging Parties Abarca, Bernal, Rodriguez, Tukuafu, Villegas, Francisco Vite, and Fernando Vite, signed a petition complaining to management that its Warehouse Manager was "yelling and insulting employees using profane language and treating them with no respect,"

and stating that the signatories "demand to be respected and treated equally" and "do not want to be subject to any kind of **Harassment**." (emphasis in original).

24. At the time of the April 30, 2007, petition, Mesa Systems management was also made aware that employees were upset that they could no longer speak languages other than English.

25. On May 4, 2007, Mesa Systems' General Manager held a meeting with the warehouse employees to discuss the restrictive language policy or rule.

26. Upon information and belief, during the May 4, 2007, meeting, Mesa Systems' General Manager read aloud to the assembled group a Utah state law declaring English to be the official state language.

27. In April or May 2007, Mesa Systems' Warehouse Manager entered the warehouse where some of the Charging Parties were working, turned off a radio that was tuned to a Spanish-language station, and told the employees that they were not allowed to listen to Spanish music in the warehouse.

28. On May 31, 2007, Charging Party Fernando Vite filed an EEOC charge of discrimination against Mesa Systems alleging national origin discrimination.

29. Charging Party Fernando Vite self-identifies his national origin as Mexican.

30. Twenty-nine employees, including Charging Parties Bernal, Ortiz, Rodriguez, Toilolo, Tukuafu, Villegas, Fernando Vite, and Francisco Vite, signed a second petition, dated August 22, 2007, complaining that Mesa Systems' Warehouse

Manager "perpetrated racist and discriminatory actions against Latino members of the warehouse staff and crew."

31.   On September 28, 2007, one month after signing the second petition, Charging Party Toilolo was terminated allegedly for fighting with another employee.

32.   On the day of the altercation leading to his termination, Charging Party Toilolo was not on-the-clock and was not working for Mesa Systems.

33.   The employee who provoked and engaged in the altercation with Charging Party Toilolo was neither disciplined nor terminated.

34.   The employee who provoked and engaged in the altercation with Charging Party Toilolo did not sign either of the employee petitions.

35.   Less than one month after signing the second petition, Charging Party Bernal was terminated by being eliminated from the work schedule.

36.   Charging Party Bernal's last day of work was September 8, 2007.

37.   On September 26, 2007, Mesa Systems' then Operations Manager of its Salt Lake City warehouse was interviewed by Mesa Systems' agent, and strongly expressed his objection to the restrictive language policy or rule and the Warehouse Manager's extreme enforcement of the policy.

38.   As of September 26, 2007, the Operations Manager:

    a.   had worked for Mesa Systems for approximately eighteen years;

    b.   had not received a write-up;  and

    c.   months earlier was told by Mesa Systems' Chief Operating Officer that he was the best Operations Manager in the company.

39.     Effective October 2, 2007, less than one week after expressing his objections about the restrictive language policy or rule to Mesa Systems' agent, the Operations Manager was terminated without cause.

40.     On March 24, 2008, Charging Party Ortiz filed an EEOC charge against Mesa Systems alleging national origin discrimination and retaliation.

41.     Charging Party Ortiz self-identifies his national origin as Mexican.

42.     On March 25, 2008, Charging Parties Abarca, Bernal, Toilolo, and Francisco Vite filed EEOC charges against Mesa Systems alleging national origin and/or race discrimination.

43.     Charging Parties Abarca, Bernal, and Toilolo also alleged retaliation in their EEOC charges.

44.     Charging Party Abarca self-identifies his national origin as Mexican.

45.     Charging Party Bernal self-identifies his national origin as Mexican.

46.     Charging Party Toilolo self-identifies his race as Native Hawaiian/Samoan.

47.     Charging Party Francisco Vite self-identifies his national origin as Mexican.

48.     On March 28, 2008, Charging Parties Maldonado and Rodriguez filed EEOC charges against Mesa Systems alleging national origin discrimination.

49.     Charging Party Maldonado self-identifies his national origin as Mexican.

50.     Charging Party Rodriguez self-identifies his national origin as Mexican.

51.     On April 1, 2008, Charging Party Villegas filed an EEOC charge against Mesa Systems alleging national origin discrimination.

52. Charging Party Villegas self-identifies his national origin as Mexican.

53. On April 17, 2008, Charging Party Tukuafu filed an EEOC charge against Mesa Systems alleging national origin discrimination.

54. Charging Party Tukuafu self-identifies his national origin as Asian/Tongan.

55. On June 24, 2008, Charging Party Vera filed an EEOC charge against Mesa Systems alleging national origin discrimination.

56. Charging Party Vera self-identifies his national origin as Hispanic.

57. After filing their EEOC charges, Charging Parties Abarca's and Ortiz' hours were reduced by Mesa Systems.

58. Since the two employee petitions, Hispanics have been systematically excluded from Mesa Systems' Salt Lake City warehouse.

59. Mesa Systems was given timely notice of each of the aforementioned charges of discrimination.

60. EEOC conducted an investigation of the aforementioned charges of discrimination.

61. Upon completing its investigation, on August 4, 2010, EEOC issued letters of determination on each of the aforementioned charges of discrimination.

62. EEOC provided Mesa Systems with an explanation of relief EEOC felt was necessary for a conciliation agreement.

63. On February 1, 2011, EEOC met with Mesa Systems in Salt Lake City, Utah, to discuss the terms of a potential conciliation agreement.

64. After the meeting on February 1, 2011, EEOC continued to discuss and negotiate with Mesa Systems over the terms of a potential conciliation agreement.

65. EEOC and Mesa Systems were unable to reach agreement on the terms of a conciliation agreement.

66. On March 28, 2011, EEOC sent notice to Mesa Systems that the conciliation efforts had failed.

## FIRST CLAIM FOR RELIEF

### (Title VII  -  Disparate Treatment in the Terms and Conditions of Employment, Including Hostile Work Environment)

67. EEOC hereby incorporates and re-alleges each and every foregoing paragraph with the same force and effect as if fully set forth herein.

68. Since at least March 2007, Mesa Systems has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by engaging in disparate treatment in the terms and conditions of employment based upon national origin, including but not limited to implementing a restrictive language policy or rule in its Salt Lake City warehouse, selectively and more harshly enforcing the restrictive language policy or rule against the Hispanics, and creating and tolerating an ethnically hostile work environment.

69. Mesa Systems was aware of the ethnically hostile work environment.

70. Mesa Systems failed to promptly remedy the ethnically hostile work environment.

71. The harassment and unequal treatment was unwelcome.

72. The harassment and unequal treatment was severe or pervasive.

73. The harassment and unequal treatment altered a term, condition, or privilege of employment and created an abusive working environment.

74. The effect of Mesa Systems' disparate treatment and hostile work environment at its Salt Lake City warehouse has been to deprive Charging Parties and other aggrieved Hispanic employees of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin.

75. The unlawful employment practices complained of were and are intentional.

76. The unlawful employment practices complained of were and are done with malice or with reckless indifference to the federally protected rights of the Charging Parties and other aggrieved Hispanic employees.

## **SECOND CLAIM FOR RELIEF**

### **(Title VII - Disparate Impact)**

77. EEOC hereby incorporates and re-alleges each and every foregoing paragraph with the same force and effect as if fully set forth herein.

78. Since at least 2006, Mesa Systems engaged in unlawful employment practices in violation of Section 703(a) and (k)(1)(A)(i) of Title VII, 42 U.S.C. § 2000e-2(a) and (k)(1)(A)(i), by implementing and enforcing a restrictive language policy or rule at its Salt Lake City, Utah, warehouse.

79. Mesa Systems' restrictive language policy or rule imposes overly broad constraints on the speaking of languages other than English.

80. Mesa Systems' restrictive language policy or rule has a disparate impact on Hispanics, Asians/Pacific Islanders, and other employees whose ethnic group or nationality favors a language other than English, and constitutes an adverse term or condition of their employment. For all of these groups, the adverse effects of the restrictive language policy or rule include:

    a. creation of or contribution to a hostile work environment, as demonstrated by the allegations set forth in paragraphs 16 and 17;

    b. creation of an atmosphere of inferiority, isolation, and intimidation, regardless of their English-speaking skills;

    c. restriction or denial of the ability of those employees with limited or no English to speak at work;

    d. restriction or denial of the ability of those employees with limited or no English to communicate with others in their most effective language;

    e. creation of barriers to employment opportunities for those employees with limited or no English; and/or

    f. increased risk of discipline and termination for violating the restrictive language policy or rule that falls disproportionately on bilingual employees and those with limited English.

81. Mesa Systems' restrictive language policy or rule is not job-related to any of the positions occupied by the Charging Parties or other aggrieved employees whose ethnic group of nationality favors a language other than English.

82. Mesa Systems' restrictive language policy or rule is not consistent with business necessity.

83. The effect of Mesa Systems' restrictive language policy in its Salt Lake City warehouse has been to deprive Charging Parties and other aggrieved employees whose ethnic group or nationality favors a language other than English of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin.

### THIRD CLAIM FOR RELIEF

### (Title VII - Retaliation)

84. EEOC hereby incorporates and re-alleges each and every foregoing paragraph with the same force and effect as if fully set forth herein.

85. Since at least March 2007, Mesa Systems has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by subjecting Charging Parties Balfre Abarca, Oscar Z. Bernal, Jose De Jesus Ortiz, and Douglas T. Toilolo, and other aggrieved employees who engaged in conduct protected under Title VII when Mesa Systems retaliated against them for engaging in protected opposition to (a) the restrictive language policy or rule, (b) discrimination based on national origin, and/or (c) the hostile work environment.

86. A reasonable person would have found Mesa Systems' subsequent actions to be materially adverse.

87. A causal connection exists between the protected activity and Mesa Systems' actions.

88. The effect of Mesa Systems' unlawful retaliation has been to deprive Charging Parties Balfre Abarca, Oscar Z. Bernal, Jose De Jesus Ortiz, and Douglas T. Toilolo, and other aggrieved employees who engaged in protected opposition under Title VII of equal employment opportunities and otherwise adversely affect their status as employees because they engaged in protected opposition to the restrictive language policy or rule, to discrimination based on national origin, and/or to the hostile work environment.

89. The unlawful employment practices complained of were and are intentional.

90. The unlawful employment practices complained of were and are done with malice or with reckless indifference to the federally protected rights of Charging Parties Balfre Abarca, Oscar Z. Bernal, Jose De Jesus Ortiz, and Douglas T. Toilolo, and other aggrieved employees who engaged in protected opposition under Title VII.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Mesa Systems, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of national origin and/or retaliation, or which creates, facilitates, condones, tolerates, and/or encourages discriminatory language policies or rules, disparate treatment in the terms and conditions of employment, including a hostile work environment, and/or retaliation.

B.       Order Mesa Systems to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees whose ethnic group or nationality favors a language other than English and which eradicate the effects of its past and present unlawful employment practices.

C.       Order Mesa Systems to make whole Charging Parties Balfre Abarca, Oscar Z. Bernal, Jose De Jesus Ortiz, Jonathan Maldonado, Yuri Bladimir B. Rodriguez, Douglas T. Toilolo, Feleti L. Tukuafu, Jorge L. Vera, Desiderio Villegas, Fernando Vite, and Francisco Vite, other aggrieved employees whose ethnic group or nationality favors a language other than English, and other employees who suffered retaliation, by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to: elimination of the discriminatory language policy or rule, or, in the alternative, modification of said policy or rule to bring it into compliance with Title VII; restoration of hours, work assignments, and access to and work assignments in Mesa Systems' Salt Lake City warehouse(s); removal of discriminatory discipline and/or termination from personnel files; and reinstatement or, in the alternative, an appropriate award of front pay.

D.       Order Mesa Systems to make whole Charging Parties Balfre Abarca, Oscar Z. Bernal, Jose De Jesus Ortiz, Jonathan Maldonado, Yuri Bladimir B. Rodriguez, Douglas T. Toilolo, Feleti L. Tukuafu, Jorge L. Vera, Desiderio Villegas, Fernando Vite, and Francisco Vite, other aggrieved employees whose ethnic group or nationality favors a language other than English, and other employees who suffered retaliation, by

providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to relocation expenses, job search expenses, and medical expenses not covered by Mesa Systems' employee benefit plan(s), in amounts to be determined at trial.

E.   Order Mesa Systems to make whole Charging Parties Balfre Abarca, Oscar Z. Bernal, Jose De Jesus Ortiz, Jonathan Maldonado, Yuri Bladimir B. Rodriguez, Douglas T. Toilolo, Feleti L. Tukuafu, Jorge L. Vera, Desiderio Villegas, Fernando Vite, and Francisco Vite, other aggrieved employees whose ethnic group or nationality favors a language other than English, and other employees who suffered retaliation, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Mesa Systems to pay Charging Parties Balfre Abarca, Oscar Z. Bernal, Jose De Jesus Ortiz, Jonathan Maldonado, Yuri Bladimir B. Rodriguez, Douglas T. Toilolo, Feleti L. Tukuafu, Jorge L. Vera, Desiderio Villegas, Fernando Vite, and Francisco Vite, other aggrieved employees whose ethnic group or nationality favors a language other than English, and other employees who suffered retaliation, punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.   Grant such other and further relief as the Court deems just, equitable, necessary, and proper in the public interest.

H.      Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint for which a jury trial is permitted.


RESPECTFULLY SUBMITTED this 23rd day of December, 2011.

-18-

DAVID B. BARLOW
United States Attorney

/s/ John K. Mangum
Assistant United States Attorney

U.S. DEPARTMENT OF JUSTICE
District of Utah
185 S. State Street, Suite 300
Salt Lake City, UT  84111

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
131 M Street, NE
Washington, D.C.  20507

MARY JO O'NEILL
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona  85012

RITA BYRNES KITTLE
Supervisory Trial Attorney

/s/ D. Andrew Winston
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
Denver Field Office
303 E. 17th Ave., Suite 410
Denver, CO  80203

**PLEASE NOTE:**

**For purposes of service upon the EEOC, it is sufficient that pleadings, notices, and court documents be served upon the Trial Attorneys. Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.**