## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> and <br><br> BALFRE ABARCA, <br> YURI GARAY, <br> JONATHAN MALDONADO, <br> JOSE ORTIZ, <br> DESIDERIO VILLEGAS, <br> FERNANDO VITE, <br> FRANCISCO VITE, and <br> OSCAR ZARATE-BERNAL, <br><br> Applicants for Intervention, <br><br> v. <br><br> MESA SYSTEMS, INC., <br><br> Defendant. | Case No.: 2:11-cv-01201-RJS-BCW <br><br> **CONSENT DECREE** |

.

## I.  RECITALS

**1.**     This matter was instituted by Plaintiff Equal Employment Opportunity

Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States

government, alleging that Defendant Mesa Systems, Inc. ("Defendant") discriminated

against the Charging Parties and other aggrieved individuals whose ethnic group or

nationality favors a language other than English, as follows:  (1) Charging Parties and

other aggrieved individuals suffered disparate treatment in the terms and conditions of their employment when Defendant implemented a restrictive language policy or rule in its Salt Lake City, Utah, warehouse, subjected Hispanics to selective, more vigorous, and harsher enforcement of said policy or rule, and created and/or tolerated a hostile work environment based on national origin;  (2) the restrictive language policy or rule had a disparate impact on Hispanics, Asians/Pacific Islanders, and other employees whose ethnic group or nationality favors a language other than English when it placed overly broad constraints on the speaking of languages other than English and was not job-related for the positions in question or consistent with business necessity;  and (3) some of the Charging Parties and other aggrieved individuals who complained about discrimination were subjected to retaliation for engaging in conduct protected under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII").

2.      The Parties to this Decree are Plaintiff EEOC and Defendant Mesa Systems, Inc.

3.      The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

4.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5.      For the purpose of amicably resolving disputed claims, the Parties jointly request

this Court to adjudge as follows:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.  JURISDICTION

**6.**     The Parties stipulate to the jurisdiction of the court over the Parties and do not

contest the court's subject matter jurisdiction over this action, and waive the entry of

findings of fact and conclusions of law.

## III. TERM AND SCOPE

**7.**     **Term:**  The duration of this Decree shall be three (3) years from the date of

signing by the Court.

**8.**     **Scope:** The terms of this Decree shall apply to Defendant's warehouse in Salt

Lake City, Utah.

## IV.  ISSUES RESOLVED

**9.**     This Decree resolves the claims alleged in the above-captioned lawsuit, and

constitutes a complete resolution of all of the Commission's claims of unlawful

employment practices under Title VII that arise from Charges of Discrimination Nos.

540-2008-01533, 540-2008-01540, 540-2008-01532, 540-2008-01726, 540-2008-01546,

540-2008-01543, 540-2008-01548, 540-2008-01537, 540-2008-01538, 540-2007-03161,

540-2008-01535, 540-2011-00458, and 540-2013-01147 filed by Balfre Abarca, Jose de

Jesus Ortiz, Jonathan Maldonado, Yuri Bladimir Garay-Rodriguez, Douglas T. Toilolo,

Feleti L. "Fred" Tukuafu, Jorge L. Vera, Desiderio Villegas, Fernando Vite, Francisco

Vite, Baltazar Vite, and Oscar Zarate-Bernal (collectively, "the Charging Parties") and from other aggrieved individuals receiving relief under this Decree.

**10.** Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered but, instead, shall cooperate in the implementation of this Decree.

## V. MONETARY RELIEF

**11.** Judgment is hereby entered in favor of the Commission and against Defendant in the total amount of four hundred fifty thousand dollars and no cents ($450,000.00) ("the Settlement Amount"). It is acknowledged that the monetary relief agreed to in settlement of damages, set forth herein, constitutes a debt owed to and collectible by the United States. Defendant shall pay the Settlement Amount in five (5) installments, as follows:

    $100,000 on October 1, 2013;
    $100,000 on December 31, 2013;
    $100,000 on April 1, 2014;
    $100,000 on October 1, 2014; and
    $50,000 on April 1, 2015.

**12.** Defendant will not condition the receipt of individual relief upon the Charging Parties' or other aggrieved individuals' agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive his or her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Defendant's facilities.

**13.** To resolve these claims, Defendant shall pay the Settlement Amount, allocated as

follows:

| | |
|---|---|
| Phillips Dayes Law Group PC (for attorneys' fees): | $50,000 |
| Jose de Jesus Ortiz (compensatory damages): | $75,000 |
| Daniel Gannaway (compensatory damages): | $50,000 |
| Jonathan Maldonado (compensatory damages): | $35,000 |
| Desiderio Villegas (compensatory damages): | $35,000 |
| Fernando Vite (compensatory damages): | $35,000 |
| Francisco Vite (compensatory damages): | $35,000 |
| Oscar Zarate-Bernal (compensatory damages): | $35,000 |
| Balfre Abarca (compensatory damages): | $10,000 |
| Alicia Frear(compensatory damages): | $10,000 |
| James Frear (compensatory damages): | $10,000 |
| Yuri Bladimir Garay-Rodriguez (compensatory damages): | $10,000 |
| Sergio Mora (compensatory damages): | $10,000 |
| Douglas Toilolo (compensatory damages): | $10,000 |
| Ulises Velasquez (compensatory damages): | $10,000 |
| Jorge Vera (compensatory damages): | $10,000 |
| Baltazar Vite (compensatory damages): | $10,000 |
| Feleti Tukuafu (compensatory damages): | $9,000 |
| Gabriel Capitan (compensatory damages): | $1,000 |

**14.**     The payments required under this Decree shall be made as described in Attachment A,  and mailed to the recipients at the addresses provided by the EEOC.  The EEOC will provide Defendant with completed W-9 forms and current addresses for the individuals who will receive compensation under this Decree.  Defendant shall issue an IRS Form 1099 in each tax year to each recipient of settlement funds for their settlement amounts, which are all designated as compensatory damages, with the exception of Phillips Dayes Law Group PC, whose amounts are for attorneys' fees.  The IRS Forms 1099 shall be mailed to the recipients at the addresses provided by the EEOC in each year that they are paid compensatory damages.

**15.**     Within three (3) business days after payments are mailed to payees, Defendant shall submit to EEOC copies of the checks issued.

**16.**     If Defendant is delinquent more than five (5) days on any payment under this Consent Decree, the EEOC shall notify Defendant of any delinquent payment.  Defendant will be provided an opportunity to cure within ten (10) days of receipt of the notice from the EEOC; if Defendant fails to cure within the ten (10) days, judgment shall immediately enter in favor of the EEOC on the total remaining unpaid balance plus post-judgment interest at the rate of twenty percent (20%) per annum.

**VI. OTHER INDIVIDUAL RELIEF**

**17.**     Defendant shall expunge from the personnel files of Charging Parties and other aggrieved individuals identified by the EEOC who will receive relief under this Consent

Decree  (a) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; and (b) any and all references to the Charging Parties' and other aggrieved individuals' participation in this action. For former employees, Defendant shall expunge all documentation of disciplinary actions for performance or conduct, unless retention of such records are otherwise required by other federal statutes or regulations, such as those enforced or issued by the Department of Transportation.  For current employees, Defendant shall expunge all documentation of disciplinary action for performance or conduct prior to August 28, 2011, unless retention of such records is otherwise required by other federal statutes or regulations, such as those enforced or issued by the Department of Transportation. Defendant shall expunge the terminations, if necessary, from the records of any Charging Party or other aggrieved individual who was terminated, and shall ensure that all of Defendant's records reflect that all such Charging Parties and other aggrieved individuals voluntarily resigned from their employment.  Further, Defendant will provide references in accord with its policy of providing dates of employment and job title.

**18.**     Within ten (10) days after entry of this Decree, Defendant shall provide an apology/letter of regret to the Charging Parties and other aggrieved individuals identified by the EEOC receiving relief under this Consent Decree on company letterhead in the form attached as Attachment B.

## VII.  EQUITABLE RELIEF

### A.    *Injunctive Relief*

**19.**    Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are permanently enjoined from engaging in any employment practice which discriminates on the basis of national origin.

**20.**    Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Equal Pay Act, or the Genetic Information Nondiscrimination Act of 2008.  Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of these statutes.  Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendant retaliate against any such persons identified as a witness or possible witnesses of discrimination in future

investigations or proceedings.

**B.    *Rescission of Restrictive Language Policy or Rule***

21.    Defendant will not have a restrictive language policy or rule which requires that only English and no other language be spoken in its Salt Lake City warehouse. Defendant shall immediately, within twenty (20) business days from the entry of this Decree, communicate verbally to all of its Salt Lake City employees that any prior restrictive language policy or rule requiring that its Salt Lake City employees speak only English in the warehouse has been rescinded and is no longer Defendant's policy or rule, and Defendant will certify in writing to the EEOC that the verbal communication has occurred.  Within twenty (20) days of the entry of this Decree, Defendant shall confirm with each of its Salt Lake City employees in writing in both English and Spanish that any prior restrictive language policy or rule requiring that its Salt Lake City employees speak only English in the warehouse has been rescinded and is no longer Defendant's policy or rule.

**C.    *Human Resources Oversight***

22.    Defendant has employed a Director of Human Resources (DHR) with expertise in equal employment opportunity (EEO), human resources, and personnel matters and Defendant will continue to so employ a DHR for the duration of this Consent Decree.  If the DHR separates from Defendant, Defendant will use all best efforts to hire a new DHR within forty-five (45) days.

23.     The following is a list of responsibilities relative to this Consent Decree which are assigned to the DHR.  It is the Parties' expectation that the DHR will regularly consult with Defendant's legal counsel and that legal counsel may assist the DHR in carrying out these functions.  Among other things, the DHR will be responsible for:

- Assisting managers, supervisors, and human resources employees with their EEO, human resources, and personnel functions, as necessary;

- Oversight of investigations of complaints of discrimination;

- Coordinating Defendant's compliance with anti-discrimination laws;

- Oversight of Defendant's compliance with this Consent Decree;

- Maintaining records to be preserved under Section VIII ("Record Keeping and Reporting") of this Consent Decree;

- Submitting the reports required under Section VIII ("Record Keeping and Reporting") of this Consent Decree;

- Acting as the liaison between Defendant and the outside consultant(s);

- Assisting with the development and implementation of Defendant's EEO training program provided for in this Consent Decree;

- Assisting in the review and implementation of policies and procedures, as provided in Section VII.D ("EEO Policy Review") of this Consent Decree;

- Evaluating whether Defendant has taken appropriate and reasonable action to protect minority employees from national origin discrimination, national

origin-based hostile work environment, and/or retaliation;  and

- Reviewing records documenting employee complaints of discrimination or harassment based on national origin, including oral and written complaints, charges of discrimination, and investigative records relating to such complaints.

**D.     *EEO Policy Review***

24.    Within sixty (60) days of the entry of this Decree, the Defendant shall review its existing EEO policies to conform with the law and revise, if necessary.

25.    The written EEO policies must include at a minimum:

- A strong and clear commitment to preventing unlawful national origin discrimination and retaliation;

- A clear and complete definition of disparate treatment based on national origin and retaliation;

- A statement that discrimination based on national origin or retaliation is prohibited and will not be tolerated;

- A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

- The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination, harassment, or retaliation;

- A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

- An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful discrimination, that such investigation will be prompt, fair, and reasonable, and conducted by its Director of Human Resources, who is specifically trained in receiving, processing, and investigating allegations of discrimination, and that, at a minimum, the investigation will include the following: (a) documentation of the complaint; (b) a finding of whether discrimination occurred; (c) a credibility assessment, as appropriate; (d) interviews of all potential victims and witnesses identified, including the individual(s) alleged to have participated in or condoned the unlawful conduct; (e) a review of all documents which might shed light on the allegation, where such exist; (f) contemporaneous notes of the investigation and conclusions; and (g) contemporaneous notes of all corrective and remedial measures where discrimination is found;

- An assurance that appropriate corrective action will be taken by Defendant to make victims whole and to eradicate the unlawful conduct within its workforce;

- A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's anti-discrimination policies;

- A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation; and

- An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

26.    Within thirty (30) days after completion of the policy review required under Paragraphs 24 and 25 above, the written EEO policies shall be posted in a prominent location frequented by employees at Defendant's facilities in Salt Lake City, Utah, and distributed to each current employee in that location. The written EEO policies shall be distributed to all new employees when hired.  Defendant shall make the written EEO policies available in alternative formats, as necessary, for persons with cognitive and print disabilities that may prevent them from reading the policies.  Alternative formats will include but not be limited to an audiotape format.

27.    Defendant shall not retain documents related to the investigation in any of the complainant's personnel files.  These documents, instead, must be retained in a separate secure location.  All disciplinary actions taken against employees for violation of Defendant's EEO policies will be retained in the violator's personnel file.  In those cases in which no conclusion could be reached on the allegations, the investigation documents

shall remain in the alleged violator's file indefinitely.

### E.   Training

**28.**    At least twice annually, Defendant shall provide EEO training for all its Salt Lake City employees. Under this provision, employees will be trained at a minimum in the following areas: (a) the Defendant's policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination or harassment; (c) the penalties for engaging in discriminatory behavior; (d) Defendant's non-retaliation policy; and (d) Defendant's procedures for handling accommodation requests.  All training under this Paragraph 28 shall be at Defendant's selection and expense.  Training may be by live presentation, on-line interactive training and/or computer training, or any combination of the foregoing.  The training will be conducted as follows:

**28.1.   Non-managerial Employees:**  Defendant will provide non-managerial employees at least two (2) training sessions of one (1) hour duration each per year at its Salt Lake City warehouse. Attendance will be mandatory for every employee on the days of such training.  Make-up sessions are not required unless an employee misses two (2) consecutive trainings in a year.  At least one (1) of these meetings will focus on national origin discrimination and retaliation.

**28.2.   Managerial and Supervisory Employees**:  Defendant will require all individuals who work in a managerial or supervisory capacity, including but not

limited to all General Managers, Operations Managers, Warehouse Managers, and Dispatchers who have authority to hire, assign work, discipline, and/or fire, to receive two (2) one (1) hour sessions per year of training regarding Title VII and other federal anti-discrimination laws. One (1) hour of the training  must directly address national origin discrimination and retaliation, and one (1) hour must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination and retaliation.  Defendant shall emphasize with managerial and supervisory employees that due to their positions of responsibility, such employees (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive to how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a report or complaint is made, or might be made, against them. Additionally, Defendant will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete the requisite one (1) hour of report/complaint-handling training and one (1) hour of national origin and retaliation-related training within twenty (20) days of being hired or promoted. The training under this Paragraph 28.2 must be provided by the Director of Human Resources.

**28.3.   Human Resource Employees:**  Defendant will require the Director of

Human Resources to receive at least eight (8) hours of training annually regarding Title VII and other federal anti-discrimination laws. Two (2) of the eight (8) hours must directly address national origin discrimination and retaliation, and at least two (2) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination and retaliation, including the proper procedures for documenting and preserving evidence of discrimination and retaliation, archiving the Defendant's investigation of complaints, as well as detailing the consequences and result of the investigation where discrimination and/or retaliation is found.  The training under this Paragraph 28.3 must be prepared or provided by outside vendors.

**28.4.   Training on Investigative Techniques:**  The Director of Human Resources, who has responsibility for responding to or investigating reports or complaints of discrimination and/or retaliation, shall be provided four (4) additional hours of annual training instructing on accepted professional standards for receiving and investigating reports/complaints of discrimination and retaliation, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, legal analysis of the evidence, and methods for eliminating and ameliorating violations of anti-discrimination law.  The training under this Paragraph 28.4 must be prepared or provided by outside vendors.

**29.**     Defendant agrees that the first such training session for each employee group identified in Paragraph 28 above will take place within sixty (60) days after the Court's entry of this Decree.  Defendant shall require that all of its personnel both register and attend the training sessions.  The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the sessions.  Defendant shall provide the Commission with fifteen (15) days notice that a training session will be conducted, or alternatively, Defendant may provide a comprehensive schedule of trainings planned for the year or for a number of months, if such is more convenient.  Defendant shall provide the EEOC with copies of the training materials at least fifteen (15) days prior to each training session.

**F.     *Notice Posting***

**30.**     Within five (5) business days after the Court's entry of this Decree, Defendant shall post in its Salt Lake City warehouse in a conspicuous place frequented by employees the Notice attached as Attachment C to this Decree.  The Notice shall be the same type, style, and size as set forth in Attachment C.  The Notice shall remain posted for the duration of this Decree.  If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy.  Defendant shall certify to the Commission in writing within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide re-certification in each of the semi-annual reports required under the

Reporting provisions of this Consent Decree.

**G.    *EEO Compliance as a Component of Management Evaluation***

**31.**    Defendant shall, within sixty (60) days of the entry of this Consent Decree, and at least continuously for the duration of this Decree, develop and implement a management evaluation and compensation system which includes an EEO compliance component, including compliance with policies and laws prohibiting retaliation, and compliance with this Decree as factors which shall be used to evaluate all managerial and supervisory employees, including but not limited to all managers, co-managers, assistant managers, and district or regional managers responsible for Defendant's Salt Lake City warehouse. Defendant shall also, within sixty (60) days of the Court's entry of this Decree, and at least continuously for the duration of this Decree, advise Defendant's managerial and supervisory officials that the amount of monetary bonuses that managers and supervisors may be eligible for during the duration of this Decree are subject to reductions based on established non-compliance with EEO policies and procedures, policies, and laws prohibiting retaliation, and this Decree.

## VIII.  Record Keeping and Reporting

**32.**    For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree, including, but not limited to, all of the following:

- Applications;

- Personnel files;

- Payroll records;

- Job Postings;

- Work schedules;

- Reports and complaints of discrimination and/or retaliation and records documenting investigation of such reports/complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken.

33.  Defendant shall provide semi-annual reports for each six (6)-month period following the entry of this Decree.  The reports shall be due thirty (30) days following the respective six (6)-month period, except the final report, which shall be submitted to the Commission eight (8) weeks prior to the date on which the Consent Decree is to expire.

34.  **Reporting Requirements:**  Each report shall provide the following information:

    **34.1.  Reports/Complaints of Discrimination:**

        For purposes of this Paragraph 34.1, the term "report or complaint of discrimination" will include any written or verbal report or complaint made to a manager or supervisor or of which a manager or supervisor is aware which alleges discrimination, or the witnessing of discrimination, based on national origin and/or retaliation, even if such terminology is not used by the report/complainant. The report/complainant need not invoke the terms

"discrimination," "Title VII," "disparate treatment," "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of discrimination.  The report will include:

    a.    The name, address, e-mail address, and telephone number of each person making a report or complaint of national origin discrimination to Defendant or to any federal, state, or local government agency;

    b.    The name, address, e-mail address, and telephone number of each person identified as a potential witness to the incident of discrimination;

    c.    A brief summary of each report/complaint, including the date of the report/complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the report/complaint, the name of the person who investigated or responded to the report/complaint, and what, if any resolution was reached; and

    d.    Copies of all documents memorializing or referring to the

report/ complaint, investigation, and/or resolution thereof.

**34.2.   Reports/Complaints of Retaliation:**

For purposes of this Paragraph 34.2, the term "report or complaint of retaliation" will include any written or verbal complaint that alleges retaliation for activity that is protected under Title VII or that alleges retaliation for conduct which the Defendant recognizes or should have recognized as protected activity under any of the statutes enforced by the EEOC, even if the complainant does not use legal or technical terminology. The report shall include:

a.      The name, address, e-mail address, and telephone number of each person making a report or complaint of retaliation to Defendant or to any federal, state, or local government agency;

b.      The name, address, e-mail address, and telephone number of each person identified as a potential witness to the incident of retaliation;

c.      A brief summary of each report/complaint, including the date of the report/complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendant's investigation and response to the report/complaint, the name of the person who investigated or responded to the report/complaint, and what, if any

resolution was reached; and

    d.     Copies of all documents memorializing or referring to the report/ complaint, investigation, and/or resolution thereof.

**34.3.  Training:**

For each training program required under Paragraph 28 and conducted during the reporting period, Defendant shall submit a registry of attendance. For each training program conducted by Defendant's staff, Defendant will provide the following information:

    (a) a detailed agenda;

    (b) copies of all training material provided to or utilized by the trainers; and

    (c) the name of each trainer and a summary of his or her qualifications.

For each training program conducted by an outside consultant or vendor not affiliated with Defendant, Defendant will identify the consultant and/or vendor and provide a copy of the program agenda.

**34.4.  Posting of Notice**:  Defendant shall certify to the Commission that the Notice required to be posted under Section VII.F of this Consent Decree has remained posted during the reporting period or, if removed, was promptly replaced.

**34.5.   Policies**:  Defendant shall report on the status of the EEO policy review process required under Section VII.D above, and shall provide a copy of the written confirmation required in Section VII.B and certify to the Commission that the written confirmation required in Section VII.B has been given to all of its Salt Lake City employees.

**34.6.**   If during the term of the Consent Decree the DHR separates from Defendant for any reason, Defendant will provide written notice to the EEOC of the separation within twenty (20) days of such separation and detail the efforts undertaken by Defendant to replace the DHR.

## IX.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**35.**   This Court shall retain jurisdiction of this cause of action for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**36.**   There is no private right of action to enforce Defendant's obligations under the Decree, and only the Commission, its successors, or assigns may enforce compliance herewith.

**37.**   The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-

compliance, may be ordered.

**38.**     Absent extension, this Decree shall expire by its own terms at the end of the thirty-

sixth (36th) month from the date of entry without further action by the Parties.

## X.  EEOC AUTHORITY

**39.**     With respect to matters or charges outside the scope of this Decree, this Decree

shall in no way limit the powers of the Commission to seek to eliminate employment

practices or acts made unlawful by any of the statutes over which the EEOC has

enforcement authority and that do not arise out of the claims asserted in this lawsuit.

## XI.  COSTS AND ATTORNEY'S FEES

**40.**     Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII.  NO ADMISSION OF LIABILITY

**41.**     It is understood that the execution of this Decree shall not constitute or be

construed as an admission by Defendant of any liability to or of the validity of any claim

whatsoever by EEOC or by any Charging Party or other aggrieved individual.

## XII.  NOTICE

**42.**     Unless otherwise indicated, any notice, report, or communication required under

the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows

|  |  |
| --- | --- |
| Supervisory Trial Attorney | Steve Elliott |
| EEOC Denver Field Office | Mesa Systems, Inc. |
| 303 E. 17th Avenue, Suite 410 | 681 Railroad Blvd. |
| Denver, CO  80203 | Grand Junction, CO 81505 |

## XIII.  SIGNATURES

**43.**    The parties agree to the entry of this Decree, subject to final approval by the

Court.

SO ORDERED this 27th day of September, 2013.


BY THE COURT:


_____
ROBERT J. SHELBY
United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____
Mary Jo O'Neill
Regional Attorney

Date: _____
9/19/13

MESA SYSTEMS, INC.

By: _____
Kevin Head, CEO

9/19/2013

Date: _____


APPROVED AS TO FORM:

_____
D. Andrew Winston
Senior Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 510
Denver, CO 80203

Attorneys for Plaintiff EEOC

/s/ Lois A. Baar
_____
Lois A. Baar
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101

Attorneys for Defendant

## ATTACHMENT A

$450,000 paid in five (5) installments, as follows:


$100,000 on October 1, 2013, as follows;

| | |
|---|---|
| Phillips Dayes Law Group: | $20,000 |
| Jose de Jesus Ortiz: | $15,000 |
| Daniel Gannaway: | $10,000 |
| Jonathan Maldonado: | $7,000 |
| Desiderio Villegas: | $7,000 |
| Fernando Vite: | $7,000 |
| Francisco Vite: | $7,000 |
| Oscar Zarate-Bernal: | $7,000 |
| Balfre Abarca: | $2,000 |
| Alicia Frear: | $2,000 |
| James Frear: | $2,000 |
| Yuri Bladimir Garay-Rodriguez: | $2,000 |
| Sergio Mora: | $2,000 |
| Douglas Toilolo: | $2,000 |
| Ulises Velasquez: | $2,000 |
| Jorge Vera: | $2,000 |
| Baltazar Vite: | $2,000 |
| Feleti Tukuafu: | $1,800 |
| Gabriel Capitan: | $200 |

$100,000 on December 31, 2013;

| | |
|---|---|
| Phillips Dayes Law Group: | $20,000 |
| Jose de Jesus Ortiz: | $15,000 |
| Daniel Gannaway: | $10,000 |
| Jonathan Maldonado: | $7,000 |
| Desiderio Villegas: | $7,000 |
| Fernando Vite: | $7,000 |
| Francisco Vite: | $7,000 |
| Oscar Zarate-Bernal: | $7,000 |
| Balfre Abarca: | $2,000 |
| Alicia Frear: | $2,000 |
| James Frear: | $2,000 |
| Yuri Bladimir Garay-Rodriguez: | $2,000 |
| Sergio Mora: | $2,000 |
| Douglas Toilolo: | $2,000 |
| Ulises Velasquez: | $2,000 |
| Jorge Vera: | $2,000 |
| Baltazar Vite: | $2,000 |
| Feleti Tukuafu: | $1,800 |
| Gabriel Capitan: | $200 |

$100,000 on April 1, 2014;

| | |
|---|---|
| Phillips Dayes Law Group: | $10,000 |
| Jose de Jesus Ortiz: | $16,875 |
| Daniel Gannaway: | $11,250 |
| Jonathan Maldonado: | $7,875 |
| Desiderio Villegas: | $7,875 |
| Fernando Vite: | $7,875 |
| Francisco Vite: | $7,875 |
| Oscar Zarate-Bernal: | $7,875 |
| Balfre Abarca: | $2,250 |
| Alicia Frear: | $2,250 |
| James Frear: | $2,250 |
| Yuri Bladimir Garay-Rodriguez: | $2,250 |
| Sergio Mora: | $2,250 |
| Douglas Toilolo: | $2,250 |
| Ulises Velasquez: | $2,250 |
| Jorge Vera: | $2,250 |
| Baltazar Vite: | $2,250 |
| Feleti Tukuafu: | $2,025 |
| Gabriel Capitan: | $225 |

$100,000 on October 1, 2014;

| | |
|---|---|
| Jose de Jesus Ortiz: | $18,750 |
| Daniel Gannaway: | $12,500 |
| Jonathan Maldonado: | $8,750 |
| Desiderio Villegas: | $8,750 |
| Fernando Vite: | $8,750 |
| Francisco Vite: | $8,750 |
| Oscar Zarate-Bernal: | $8,750 |
| Balfre Abarca: | $2,500 |
| Alicia Frear: | $2,500 |
| James Frear: | $2,500 |
| Yuri Bladimir Garay-Rodriguez: | $2,500 |
| Sergio Mora: | $2,500 |
| Douglas Toilolo: | $2,500 |
| Ulises Velasquez: | $2,500 |
| Jorge Vera: | $2,500 |
| Baltazar Vite: | $2,500 |
| Feleti Tukuafu: | $2,250 |
| Gabriel Capitan: | $250 |

$50,000 on April 1, 2015.

| | |
|---|---|
| Jose de Jesus Ortiz: | $9,375 |
| Daniel Gannaway: | $6,250 |
| Jonathan Maldonado: | $4,375 |
| Desiderio Villegas: | $4,375 |
| Fernando Vite: | $4,375 |
| Francisco Vite: | $4,375 |
| Oscar Zarate-Bernal: | $4,375 |
| Balfre Abarca: | $1,250 |
| Alicia Frear: | $1,250 |
| James Frear: | $1,250 |
| Yuri Bladimir Garay-Rodriguez: | $1,250 |
| Sergio Mora: | $1,250 |
| Douglas Toilolo: | $1,250 |
| Ulises Velasquez: | $1,250 |
| Jorge Vera: | $1,250 |
| Baltazar Vite: | $1,250 |
| Feleti Tukuafu: | $1,125 |
| Gabriel Capitan: | $125 |

## **ATTACHMENT B**

## **APOLOGY / LETTER OF REGRET**

On behalf of Mesa Systems, we want to express our regret that you were asked for some period of time to speak only English while working in our Salt Lake City warehouse.  We are sorry that you did not feel respected and valued.  The core values of our company are based on pride, respect, and trust.  This is aspirational for management as much as employees.  And we commit to you that we will re-double our efforts to make our company and the workplace a welcoming environment for all employees of all backgrounds, cultures, and heritages.

Signed:
Kevin Head
Steve Elliott
Kevin Haggerty
Patricia Murdock
Robert Albertoni

## ATTACHMENT C

## NOTICE

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in <u>EEOC v. Mesa Systems, Inc.</u> filed in the United States District Court for the District of Utah, Civil Action No. 2:11-cv-01201 RJS-BCW.  Management of Mesa Systems, Inc. wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operations and in all areas of employment practices.  Mesa Systems, Inc. seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability.  This policy extends to insurance benefits and all other terms, conditions, and privileges of employment.

      Pursuant to Title VII of the Civil Rights Act of 1964, it is unlawful for an employer to discriminate based upon the national origin of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state, or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

      Mesa Systems, Inc. respects the right of its employees and applicants for employment to work in an environment free from discrimination.  Accordingly, Mesa Systems, Inc. reaffirms its commitment to complying with the strictures of Title VII, in that it is our policy to prohibit all discrimination based on national origin.

      Any employee who believes that he or she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability has the right to contact the EEOC directly at 1-800-669-4000.  In compliance with federal law, no official at Mesa Systems, Inc. will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

      This Notice shall remain posted for the term of three (3) years.


Mesa Systems, Inc.


By:_____   _____

                                                 Date